UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GILBERTO MORALES, | Case No. CV 14-7844-DFM |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

     Plaintiff Gilberto Morales ("Plaintiff") appeals from the final decision of the Administrative Law Judge ("ALJ") denying his application for disability insurance benefits. The Court concludes that the ALJ did not err in assessing Plaintiff's credibility about the severity and limiting effects of his symptoms. The ALJ's decision is therefore affirmed and the matter is dismissed with prejudice.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff filed his application for benefits on September 9, 2011, alleging disability beginning January 7, 2011. Administrative Record ("AR") 133-36. The ALJ found that Plaintiff had the severe impairments of degenerative disc

disease of the cervical and lumbar spine area and status post right knee meniscal tear and arthroscopy. AR 24. The ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform the full range of light work, AR 27, which generally requires "a good deal of walking or standing," 20 C.F.R. § 404.1567(b). Because Plaintiff's RFC allowed a full range of light work, the ALJ considered Plaintiff's age, education, and work experience under the Medical-Vocational Guidelines and concluded that a finding of "not disabled" was directed. AR 31-32.

## II.

## ISSUE PRESENTED

The parties dispute whether the ALJ erred in failing to properly assess Plaintiff's credibility. See Joint Stipulation ("JS") at 4.

## III.

## DISCUSSION

In 2003, while working on a construction site as an ironworker, Plaintiff lost his footing while walking on a beam and fell eighteen feet, landing on his forehead. AR 317. He returned to work a few months later. AR 318. He continued working until 2009, when he stopped due to low back and neck pain. Id. At the hearing, Plaintiff testified that he cannot work due to back and knee pain; he can only sit, stand, or walk for approximately 30 minutes before he must lie down on the floor to alleviate his back pain; he spends three to four hours per day lying down; he rates his back pain as seven or eight on a scale of ten and his knee pain as five or six out of ten; activity and cold exacerbate his condition; his hands occasionally "seize up"; and he takes three doses each of Vicodin and Norco daily for pain. AR 49-52, 56-57.

Plaintiff's testimony thus described limitations on standing and walking that were not consistent with the full range of light work. See, e.g., Gallant v. Heckler, 753 F.2d 1450, 1454 n. 1 (9th Cir.1984) ("[T]he full range of light

2

work requires standing or walking for up to two-thirds of the working day.");
see also Social Security Ruling ("SSR") 83-10, 1983 WL 31251, at *6 ("[T]he
full range of light work requires standing, off and on, for a total of
approximately six hours of an 8-hour workday."). In rejecting Plaintiff's
testimony, the ALJ found that Plaintiff's statements about "the intensity,
persistence, and limiting effects of [his symptoms] were not entirely credible."
AR 28.

To determine whether a claimant's testimony about subjective pain or
symptoms is credible, an ALJ must engage in a two-step analysis. Vasquez v.
Astrue, 572 F.3d 586, 591 (9th Cir. 2008) (citing Lingenfelter v. Astrue, 504
F.3d 1028, 1035-36 (9th Cir. 2006)). First, the ALJ must determine whether
the claimant has presented objective medical evidence of an underlying
impairment which could reasonably be expected to produce the alleged pain or
other symptoms. Lingenfelter, 504 F.3d at 1036 (citation omitted). "[O]nce the
claimant produces objective medical evidence of an underlying impairment, an
adjudicator may not reject a claimant's subjective complaints based solely on a
lack of objective medical evidence to fully corroborate the alleged severity of
pain." Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc)
(citation omitted). To the extent that an individual's claims of functional
limitations and restrictions due to alleged pain are reasonably consistent with
the objective medical evidence and other evidence, the claimant's allegations
will be credited. SSR 96-7p, 1996 WL 374186 at *2 (explaining 20 C.F.R. §
404.1529(c)(4)).

If the claimant meets the first step and there is no affirmative evidence of
malingering, the ALJ must provide specific, clear and convincing reasons for
discrediting a claimant's complaints. Robbins v. Soc. Sec. Admin., 466 F.3d
880, 883 (9th Cir. 2006) (citing Smolen v. Chater, 80 F.3d 1273, 1283-84 (9th
Cir. 1996)). "General findings are insufficient; rather, the ALJ must identify

3

what testimony is not credible and what evidence undermines the claimant's complaints." Brown-Hunter v. Colvin, 806 F.3d 487, 493 (9th Cir. 2015) (quoting Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998)). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. Smolen, 80 F.3d at 1283-84 & n.8. The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. Id. (citations omitted).

Here, the ALJ provided several reasons for finding that Plaintiff was not fully credible, each of which is supported by substantial evidence in the record. First, the ALJ noted that Plaintiff returned to work after his fall in March 2003 and continued to work for "an extended period" of approximately six years. AR 30. The record shows, for example, that Plaintiff worked as a foreman with "lighter" duties in 2008 and 2009 and that he stopped working in 2009 after he began a new position with heavier duties. AR 291-93, 697. The ALJ concluded that "[t]his evidence of ability to work for an extended period prior to the alleged onset date . . . suggests that the claimant's symptoms would not prevent him from working currently." AR 30. This is an appropriate basis to discount Plaintiff's symptom testimony. See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1227 (9th Cir. 2009) (upholding ALJ's adverse credibility determination in part because the claimant "recently worked as a personal caregiver for two years, and has sought out other employment since then"); Gregory v. Bowen, 844 F.2d 664, 667 (9th Cir. 1988) (finding that substantial evidence supported determination that claimant's back problems were not disabling where her condition remained constant for several years and the impairment had not prevented her from working during that time).

4

Second, the ALJ noted that Plaintiff told his physicians that his knee pain improved in 2010 and 2011 due to treatment and therapy. AR 30. The ALJ also noted that Plaintiff's physician opined in April 2012 that he no longer needed any spinal or knee injections and instead recommended strengthening exercises. Id. The ALJ cited this evidence of "improvement . . . with treatment" as suggesting that "his symptoms were not as serious as he alleged." Id. The record supports these findings. AR 331, 334, 387, 390, 393, 831. Thus, this is also an appropriate basis to discount Plaintiff's symptom testimony. See Celaya v. Halter, 332 F.3d 1177, 1181 (9th Cir. 2003) (finding that ALJ had properly rejected complaints of extreme pain because "the underlying complaints . . . had come under control"); see also Dailey v. Colvin, No. 14-5691, 2015 WL 1526803, at *4 (W.D. Wash. Apr. 1, 2015) (affirming ALJ's finding that plaintiff's reports of disabling knee pain were not credible because claimant's knee condition had improved with surgery and physical therapy).

Third, the ALJ noted Plaintiff's non-compliance with treatment. AR 30. Plaintiff's physical therapist noted "inconsistent" attendance and "poor" follow through with home exercise. AR 390. A claimant's failure to comply with treatment can be a basis for an adverse credibility finding. See Orn v. Astrue, 495 F.3d 625, 638 (9th Cir. 2007) ("Our case law is clear that if a claimant complains about disabling pain but fails to seek treatment, or fails to follow prescribed treatment, for the pain, an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated.").

Finally, the ALJ extensively reviewed the medical evidence and reasonably determined that it did not support Plaintiff's alleged symptoms and limitations. AR 28-29 (citing AR 245, 247, 258, 352, 736, 792, 830). Although a lack of objective medical evidence may not be the sole reason for discounting a claimant's credibility, it is nonetheless a legitimate and relevant factor to be

considered. See <u>Rollins v. Massanari</u>, 261 F.3d 853, 857 (9th Cir. 2001) (citing 20 C.F.R. § 404.1529(c)(2)).

On appellate review, this Court does not reweigh the hearing evidence regarding Plaintiff's credibility. Rather, this Court is limited to determining whether the ALJ properly identified specific, clear, and convincing reasons for discrediting Plaintiff's credibility. <u>Smolen</u>, 80 F.3d at 1284. The record reflects that the ALJ did just that. It is the ALJ's responsibility to determine credibility and resolve conflicts or ambiguities in the evidence. <u>Magallanes v. Bowen</u>, 881 F.2d 747, 750 (9th Cir. 1989) (citations omitted). If the ALJ's findings are supported by substantial evidence, this Court may not engage in second-guessing. <u>Thomas v. Barnhart</u>, 278 F.3d 947, 959 (9th Cir. 2002) (citing <u>Morgan v. Comm'r of Soc. Sec. Admin.</u>, 169 F.3d 595, 600 (9th Cir. 1999)).

## IV.

## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated:  February 11, 2016

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

6